UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BARKER,                )
SHAUNA BARKER                  )
    Plaintiffs,                )
                            )        CIVIL ACTION NO. 25-13252-BEM
VS.                            )
                            )
THE TOWN OF SAUGUS             )
And CHIEF MICHAEL NEWBURY)
 Defendants                    )

## SECOND AMENDED COMPLAINT AND JURY DEMAND

This case arises out of the Town of Saugus's blatant violations of the Family Medical Leave Act ("FMLA") with respect to their mishandling of requested leave for Saugus firefighter Michael Barker. In 2024, Mr. Barker requested 12 weeks of unpaid leave under FMLA for the purpose of caring for and bonding with his newborn son. Mr. Barker's request was for intermittent leave, meaning that his 12 weeks of leave would occur intermittently over a 12-month period instead of consecutively.

Even though the Town of Saugus approved Mr. Barker's application for intermittent leave, the Town completely mishandled the FMLA process. Without informing Mr. Barker, the Town incorrectly placed him on *consecutive* leave beginning the week of March 25, 2024 and terminating on June 21, 2024. As a result, Mr. Barker had only taken one week of leave when his FMLA terminated on June 21, 2024 since his leave period should have extended through March 29, 2025. When an understandably frustrated Mr. Barker attempted to remedy the situation, the Town, led

1

by Chief Michael Newbury, retaliated by accusing Mr. Barker of conduct unbecoming of a Saugus firefighter and suspending him.

Upon information and belief, Chief Newbury's conduct, including but not limited to his revocation of Mr. Barker's FMLA and subsequent suspension of Mr. Barker, was done with the intent to cause the Barker family emotional harm. The Chief was aware of the birth of their son as well as the complications causing him to be admitted to the NICU immediately after his birth. The Chief knew that Mr. Barker did not take consecutive FMLA following the birth of his son. He also knew that by denying Mr. Barker's previously approved request for intermittent leave and then unjustly suspending Mr. Barker thereafter, that the Barker family would suffer as a result.

The Town of Saugus has been given every opportunity to remedy this situation, yet instead of acting in good faith and correcting their errors they have doubled down and forced Mr. Barker to incur the additional unnecessary costs and legal fees associated with this lawsuit. The Barkers only bring this lawsuit as a last resort, seeking accountability from the Town and Chief Newbury for the damage that they have caused to the Barker family.

## PARTIES

1. The Plaintiff, Michael Barker, resides at 190 Chickering Road, Unit 308, North Andover, Massachusetts 01845.

2. The Plaintiff, Shauna Barker resides at 190 Chickering Road, Unit 308, North Andover, Massachusetts 01845.

3. The Defendant, Town of Saugus, is a duly incorporated municipality in the Commonwealth of Massachusetts with an address of 298 Central Street, Saugus, Massachusetts 01906.

4. Defendant Michael Newbury is the Chief of the Saugus Fire Department.

## JURISDICTION AND VENUE

2

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. §2617 as this is an action to enforce the Plaintiff's rights under the Family and Medical Leave Act.

6. Venue is proper in as the Plaintiffs reside in North Andover, Massachusetts.

## FACTS

7. Mr. Barker is 46 years old and has been a firefighter with the Saugus Fire Department for over 19 years.

8. Shauna Barker is a nurse practitioner residing in North Andover, MA. She is married to Michael Barker and they have a 23 month old son.

9. In 2024, Mr. Barker applied for FMLA leave through the Town of Saugus on or about April 3, 2024.

10. The purpose of Mr. Barker's FMLA leave was to care for and bond with his newborn son and was made in accordance with 29 U.S.C. 2612(a)(1) and 29 CFR 825.120(a)(2).

11. While applying for FMLA on or about April 3, 2024, Mr. Barker met with the Town of Saugus's then-Human Resources Manager Gabriela Christina who assisted Mr. Barker with the application.

12. At all relevant times, Mr. Barker made it clear that he intended to take intermittent leave, meaning his 12 weeks of unpaid FMLA would be spread over one year instead of over 12 consecutive weeks.

13. In fact, while filling out the application form, Ms. Christina specifically asked Mr. Barker whether he would be taking consecutive or intermittent leave. Mr. Barker responded that he would be taking intermittent leave since his wife and the mother of his child Shauna would be getting PFMLA through October of 2024. Ms. Christina responded by typing on the application

that Mr. Barker was looking for "A few weeks consistent and then intermittent after two weeks."

14. Ms. Christina then printed out the application form, handed it to Mr. Barker and told him to have Shauna's OB fill out and sign the form and email it back to her and that he was "all set." Shauna was present at the April 3 meeting as well. A true and accurate copy of Mr. Barker's application has been attached as "Exhibit A."

15. At that April 3 meeting, Shauna and Ms. Christina discussed the fact that Shauna would be planning her PFMLA and her work schedule around Michael's plans to take FMLA. It was during this discussion that Ms. Christina raised the topic of Michael's ability to take intermittent leave and she even suggested that the Barkers take the intermittent leave when Shauna went back to work in October.

16. Mr. Barker relied on the application submitted by the Town and the Town's acceptance of his intermittent request when he took just one week off from work immediately after the birth of his son in April of 2024.

17. Mr. Barker planned on using the remainder of his intermittent leave as needed over the twelve-month statutory period.

18. The Town of Saugus' policy on FMLA states that employees must exhaust accrued vacation time, then personal time, and then sick time to supplement their FMLA leave. At the time of his planned leave, Mr. Barker had no remaining vacation and personal time so he planned on taking his FMLA from his accrued sick time. On the other hand, if Mr. Barker were placed on FMLA leave as of the date of this Complaint, he would be forced to use his accrued and unused vacation and personal time.

4

19. Mr. Barker's son was born on March 29, 2024. Due to birth complications, his son was in the NICU for two weeks. Mr. Barker took one week of FMLA during this time period.

20. On June 26 of 2024, Ms. Christina emailed Mr. Barker stating that it "Looks like a few of my emails were never sent out and one of them was your FMLA approval letter. I wanted to send to you for your records to keep. Please see attached." Prior to receiving this email, Mr. Barker was never told that he would be receiving an "approval letter" for his FMLA. Furthermore, since he had already used a week of FMLA by that time he knew that his FMLA had been approved. Accordingly, he never opened the letter attachment sent by Ms. Christina. Unbeknownst to Mr. Barker, the "approval letter" stated that his FMLA had expired on June 21, 2024.

21. Prior to June 26, 2024 Mr. Barker had never received correspondence from the Town that would suggest that his leave was consecutive and not intermittent. He had no reason to think that he would be given consecutive FMLA leave, as that is not what he applied for.

22. Had Mr. Barker been notified that he had been approved for consecutive leave, he at least could have had the option of using that full period of leave. Instead, he was not notified until 5 days after its expiration.

23. Believing that he still had 11 weeks of intermittent leave available to him, in or around August of 2024 Mr. Barker entered several days of FMLA time off in the Fire Department's scheduling system. This time off was approved by Captain Richard Porter.

24. On or about September 26, 2024, Mr. Barker was on shift and was scheduled for intermittent leave the following week when he was called into Saugus Fire Chief Michael Newbury's office. Chief Newbury proceeded to ask Mr. Barker for his FMLA paperwork and ordered Mr. Barker to "go home and get it" and bring it back to the firehouse.

25. Mr. Barker then drove to North Andover and retrieved his FMLA application that clearly stated intermittent leave.

26. After reviewing Mr. Barker's FMLA application, Chief Newbury stated that intermittent leave was "unacceptable" and that his leave had expired.

27. Chief Newbury then asked Mr. Barker if he wanted to go to the Human Resource office to discuss the matter which Mr. Barker agreed to do. At the Human Resources office, Mr. Barker was confronted by Chief Newbury, Deputy Chief D'eon and HR Manager Shalini Malik. Ms. Malik refused to believe Mr. Barker when he told her that the request for intermittent leave was typewritten on the application by the Town's former HR Manager.

28. Mr. Barker expressed his confusion and great disappointment to both the Chief and to the Human Resources Manager.

29. Mr. Barker was informed that this matter would be investigated by the Town's labor counsel.

30. Later that day, Mr. Barker, his wife Shauna, and his child returned to the Town's Human Resources office. Ms. Malik invited Mr. Barker and Shauna into her office and closed the door.

31. At that later meeting, Mr. Barker and Shauna reiterated their need for intermittent FMLA leave and explained their entire application and approval process to Ms. Malik. Mr. Barker then asked Ms. Malik whether he could reapply for FMLA as he was still within the 12 month window to take leave. Ms. Malik stated that Mr. Barker could reapply but not for baby bonding or childcare reasons as those were not "legitimate" reasons for FMLA. Ms. Malik also told Mr. Barker that Chief Newbury has "budget concerns" and that fire fighters do not qualify for normal FMLA since they only work two days per week. Finally, Ms. Malik told Mr. Barker and his wife that they should "Google medical reasons" for FMLA.

32. In the days following September 26, Mr. Barker's leave was removed from the Fire Department's scheduling software system.

33. Not only did the Chief and HR Manager show a casual disregard for FMLA guidelines, they also continued to point to the Town's retroactive "FMLA acceptance letter" that was produced to Mr. Barker 5 days after his leave had purportedly expired.

34. The Town and Chief Newbury then retaliated against Mr. Barker for bringing their FMLA violations to their attention. On September 30, 2024 Mr. Barker was informed that his FMLA was formally terminated. Mr. Barker was also suspended by the Chief who deemed Mr. Barker's attempt to exercise his rights as "conduct unbecoming" of a Saugus firefighter. Finally, the Town and Chief Newbury accused Mr. Barker of abusing sick time and did not pay him for the 5 weeks of sick time that he took.

35. As a result of the Chief's denial of Mr. Barker's leave, his unjust suspension of Mr. Barker, and his baseless accusations of abusing sick time, the Barker family suffered severe emotional distress.

36. Michael and Shauna Barker were left completely blindsided by the Chief's decision to disallow Mr. Barker's intermittent FMLA.

37. Shauna Barker was forced to make numerous swaps, adjustments, and special arrangements to her work schedule so that she could be home with their baby while Michael was at work.

38. On occasion, Shauna, whose typical shift was 7am to 7pm, would have to stay at her mother's house just so her mother could be there to care for their newborn while Shauna and Michael were both at work.

39. Other times Shauna found herself exhausted working 12-hour shifts after caring for her son the entire evening before.

40. As a result of Michael's FMLA being revoked by the Chief, virtually all aspects of childcare fell on Shauna Barker at a time when she had already taken all of her allotted time off from work.

41. Michael Barker's lack of leave time led to significant emotional distress and anxiety experienced by both Michael Barker and Shauna Barker.

42. There is no question that the Town of Saugus failed Mr. Barker with respect to his FMLA leave. He clearly requested intermittent and not consecutive leave. The Town clearly demonstrated their acceptance of Mr. Barker's request when they assisted Mr. Barker and drafted his request with INTERMITTENT typewritten on it. Moreover, even if the Town had not accepted Mr. Barker's request, they failed to inform him that his FMLA leave was for consecutive and not intermittent leave until five days after his leave had expired.

43. Rather than make a good faith effort to cure their mistakes and either a) grant Mr. Barker his intermittent leave; or b) permit him to use consecutive leave, the Town took no accountability and even suspended Mr. Barker in a clear act of retaliation over Mr. Barker's complaints of FMLA violations.

44. In fact, prior counsel for Mr. Barker sent correspondence to the Town in February of 2025 requesting that his FMLA be restored. This letter was ignored by the Town.

COUNT I – FAMILY MEDICAL LEAVE ACT (v. The Town of Saugus and Chief Newbury)

45. The Plaintiffs re-state and reallege Paragraphs 1 through 44 as if fully set forth herein.

46. The Town of Saugus has interfered with, restrained and denied Mr. Barker's lawful attempt to exercise his rights under the Family and Medical Leave Act.

47. As a result of the Town's actions, Mr. Barker has suffered from damages including but not limited to loss of lead time, loss of bonding and care for his child, financial hardship, lost wages and emotional distress.

48. Chief Newbury, as the Town's Fire Chief and Mr. Barker's supervisor, had control over the Town's actions to deny Mr. Barker's lawful attempt to exercise his rights under the Family Medical Leave Act.

## COUNT II – RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT (v. The Town of Saugus and Chief Newbury)

49. The Plaintiffs re-state and reallege Paragraphs 1 through 48 as if fully set forth herein.

50. The Town of Saugus discriminated and retaliated against Mr. Barker for his opposing or complaining about the Town's unlawful practices under the FMLA.

51. As a result of the Town's retaliatory conduct, Mr. Barker has suffered damages including but not limited to loss of leave time, financial hardship, emotional distress and damage to his reputation.

52. Chief Newbury, as the Town's Fire Chief and Mr. Barker's supervisor, had control over the Town's actions to retaliate against Mr. Barker for his opposing and complaining about the Town's unlawful FMLA practices.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Shauna Barker v. Chief Newbury)

53. The Plaintiffs restate and reallege Paragraphs 1 through 52 as if fully set forth herein.

54. Chief Newbury's conduct in denying Mr. Barker's previously approved FMLA included revoking the FMLA two day before Mr. Barker was set to take it, subsequently unjustly

suspending Mr. Barker in retaliation for his complaints, and then accusing Mr. Barker of abusing sick time. This left the Barker family completely unprepared and without childcare.

55. Chief Newbury's conduct under the circumstances was extreme and outrageous and with the intent to inflict distress on the Barker family.

56. As a result of Chief Newbury's conduct, Shauna and Michael Barker suffered from serious emotional distress.

## COUNT IV - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Michael Barker v. Town of Saugus and Chief Newbury)

57. The Plaintiffs restate and reallege paragraphs 1 through 56 as if fully set forth herein.

58. Michael Barker and the Town of Saugus reached an agreement where Mr. Barker was to take intermittent FMLA leave in lieu of consecutive FMLA leave.

59. As a result of the agreement, and based on the Town's approval of his intermittent leave, Mr. Barker only took one week of leave immediately after the birth of his son.

60. Chief Newbury and the Town of Saugus then acted to destroy the benefits of intermittent FMLA that Mr. Barker had earned and relied upon by subsequently denying his FMLA only days before he was set to take it and after a consecutive FMLA would have expired.

61. As a result of Chief Newbury and the Town's actions, Mr. Barker has suffered damages.

WHEREFORE, the Plaintiff hereby requests that this Court award the following relief:

a.  Damages for lost wages and benefits, emotional distress, and loss of reputation;

b.  Costs and attorney's fees ; and

c.  All other damages as this Court deems just and appropriate.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully Submitted,
MICHAEL BARKER and
SHAUNA BARKER,
By their attorneys,

*/s/ Daniel J. Murphy, Jr.*

_____
Daniel Murphy (BBO No: 685760)
THE MURPHY LAW GROUP, LLC
565 Turnpike Street, Unit 72A
North Andover, MA 01845
dm@mlgllc.com
Tel: (978) 686-3200

DATED: March 9, 2026

11